Winston BINNS, Billy L. Campbell, Thomas S. Copeland, Ralph D. James, Plaintiffs,

v.

The PANAMA CANAL COMPANY, Defendants.

Civ. No. 77–0262–B.

United States District Court, D. Canal Zone, Balboa Division.

Nov. 8, 1978.

---

Albert J. Joyce, Jr., Balboa, Canal Zone, for plaintiffs.

Dwight A. McKabney, Ray J. McQuary, Balboa Heights, Canal Zone, for defendants.

OPINION

CHARLES R. SCOTT, Senior District Judge.

The four plaintiffs in this case are employees of the cross-isthmus railroad operated by the Panama Canal Company in the Canal Zone. They are an engineer, a conductor, a dispatcher, and a trainman. They seek backpay from July, 1974, for the difference between the wages they received and the wage rate received by their counterparts who are employees of the Alaska Railroad in the State of Alaska. Plaintiffs contend that under the Canal Zone Code and its implementing regulations, 2 C.Z.C. §§ 141 and 144 and 35 C.F.R. §§ 253.2(f) and 253.131(a), defendant, the Panama Canal Company ('the company' is obligated to pay them the same wage rate as their counterparts earn who are employees of the Alaska Railroad. Hence, the overall issue presented in this case is whether the company must pay plaintiffs the same wage rates as trainmen, dispatchers, conductors, and engineers of the Alaska Railroad earn.

■ 2 C.Z.C. § 144 provides that the head of the Panama Canal Company[1] shall establish the basic wage rates for employees of the company. Those basic wage rates "may be established . . . in relation to the rates of compensation for the same or similar work performed in the continental United States." 2 C.Z.C. § 144.[2] It is

1. The Panama Canal Company is a corporate agency of the United States, and as such is included in the definition of 'department', 2 C.Z.C. § 141, as that term is used in 2 C.Z.C.

§ 144. See Reinheimer v. Panama Canal Company, 413 F.2d 153, 154 (5th Cir. 1969).

2. The regulation, 35 C.F.R. § 253.131(a), promulgated by the Secretary of the Army as dele-

undisputed by the parties that the Alaska Railroad is the only other federally owned and operated railroad in the world. Consequently, only employees of the Alaska Railroad could possibly perform "the same or similar work" to that performed by plaintiffs as employees of the Panama Railroad.

The company has moved the Court for an order determining whether, as a matter of federal law, the State of Alaska is included within the definition of 'continental United States' provided by statute in 2 C.Z.C. § 141 and by regulation in 35 C.F.R. § 253.2(f). Additionally, in its answer, the company prays for dismissal of this action for failure of plaintiffs to state a remediable claim under federal law. Fed.R.Civ.P. 12(b)(6).

As a result, the principal issue in this case, concerning whether the company must pay plaintiffs the same wages as their counterparts earn from the Alaska Railroad, reduces to, and depends upon, the question whether the State of Alaska is included within the definition of 'continental United States' in 2 C.Z.C. § 141 and 35 C.F.R. § 253.2(f). The Court holds that it is not.

### Alaska is Not Part of the Continental United States for Purposes of the Canal Zone Code

■ On July 7, 1958, Congress passed an act providing for the admission of Alaska into the union after the performance and occurrence of certain conditions required for statehood. The act established that "upon the issuance of [a] proclamation by the President, the State of Alaska shall be deemed admitted into the Union." Pub.L. 85–508, § 8(c), 72 Stat. 339, 85th Cong., 2d Sess.

Eighteen days later, on July 25, 1958, Congress enacted a statute to implement the Memorandum of Understanding attached to the 1955 treaty between the government of the Republic of Panama and the United States. Pub.L. 85–550, 72 Stat. 405, 85th Cong., 2d Sess. That statute defined 'continental United States' as "the several States of the United States of America existing on the date of enactment of this Act [July 25, 1958] and the District of Columbia." Pub.L. 85–550, § 2(4), 72 Stat. 405, 406.

On January 3, 1959, the presidential proclamation declaring and proclaiming Alaska admitted in the union as a state was signed. Pres. Proc. No. 3269 (Jan. 6, 1959). Alaska therefore became a state effective January 3, 1959.

Six months later, on June 25, 1959, Congress enacted the Alaska Omnibus Act. Pub.L. 85–70, 73 Stat. 141 et seq., 48 Prec. § 21. The purpose of the Alaska Omnibus Act was to amend particular federal laws in light of the admission of Alaska into the union as a state six months earlier.[3] It was further provided that 'continental United States' used in any federal laws enacted after the Alaska Omnibus Act would mean "the 49 States on the North American Continent and the District of Columbia, unless otherwise expressly provided."[4] Pub.L.

---

gated by the President, *Reinheimer v. Panama Canal Company*, 413 F.2d at 154 n. 4, substitutes 'shall' for 'may', mandating that basic wage rates be established in relation to the basic "rates for the same or similar work performed in the continental United States by employees of the Government of the United States." Replacement of the statutorily provided, discretionary 'may', by the administratively imposed, mandatory 'shall', was distinctly noted by the Fifth Circuit without objection that the regulation exceeded its statutory authority. *Id.* at 154.

**3.** The Alaska Omnibus Act, Pub.L. 86–70, 73 Stat. 141 et seq., U.S. Code Cong. & Admin. News, p. 153 (1959), expressly amended the definition of the term 'continental United

States' to include the State of Alaska in a number of federal statutes: e.g. § 4 amended 7 U.S.C. § 1101(*o*) of the Sugar Act of 1948; § 9(b) amended 12 U.S.C. § 1466 of the Home Owners' Loan Act; § 40(a) and (b) amended 42 U.S.C. § 1651(a)(2), (3) and (6). Additionally, the act amended other federal statutes, explicitly excluding Alaska from the definition of 'continental United States': e.g. § 22(b) amended 26 U.S.C. § 4262(c)(1) of the Internal Revenue Code.

**4.** The published legislative history, Rep. No. 331, 86 Cong., 1st Sess. (May 28, 1959), U.S. Code Cong. & Admin. News, pp. 1675, 1697 (1959), is seriously deficient by omitting that phrase in the act, which is highly significant in this case, "unless otherwise expressly provided."

86–70, § 48, 86th Cong., 1st Sess., U. S. Code Cong. & Admin. News, pp. 153, 169 (1959).

The Canal Zone Code was enacted by Congress more than three years later on October 18, 1962. Pub.L. 87–845, 76A Stat. 1, 87th Cong., 1st Sess. The Canal Zone was intended to codify and establish the permanent laws that apply in the Canal Zone, in addition to the general and permanent laws of the United States. 1 C.Z.C. § 1(a) (1962), Pub.L. 87–845, § 1(a). It defines 'continental United States' as "the several States of the United States of America existing on July 25, 1958, and the District of Columbia." 2 C.Z.C. § 141, Pub.L. 87–845 § 141, 76A Stat. 1, 16. In so defining 'continental United States' the Canal Zone Code incorporates the definition of 'continental United States' supplied in the act of July 25, 1958, Pub.L. 85–550, § 2, 72 Stat. 405, 406, which is indicated by the use of the phrase "existing on July 25, 1958". By incorporating the definition of 'continental United States' from the act of July 25, 1958, into the Canal Zone Code in its enactment in 1962, Congress expressly provided that for purposes of the Canal Zone Code's application to wages and employment practices of the Panama Canal Company, Alaska should not be included as or considered part of the continental United States. That express provision is consistent with § 48 of the Alaska Omnibus Act, Pub.L. 86–70, § 48, U. S. Code Cong. & Admin. News, p. 69.

■ Since Congress expressly intended, in the Canal Zone Code, that Alaska was not to be regarded as part of the continental United States for purposes of wages and employment practices, neither the statute, 2 C.Z.C. § 144(b), nor its implementing regulation, 35 C.F.R. § 253.131(a) requires the company to pay plaintiffs wages equivalent to those earned by their counterparts employed with the Alaska Railroad. There is, however, an additional reason why the company is not obligated to pay plaintiffs at wage rates identical to those paid to employees of the Alaska Railroad. The language *"in relation to* the rates of compensa-tion for the same or similar work performed", in both the statute and the regulation, would not necessitate basic wage rates fixed "at the same rate for the same position" throughout the continental United States. *Reinheimer v. Panama Canal Co.*, 413 F.2d 153, 157 (5th Cir. 1969). The Fifth Circuit Court of Appeals has held that such language allows the relational establishment of wages, and therefore also allows deviations from wage rates which would be identical to those for the same or similar positions in the continental United States. In short, neither the statute nor the regulation would require plaintiffs to be paid at the same wage rates as trainmen, dispatchers, conductors or engineers of any federally owned and operated railroad, even if Alaska were considered part of the continental United States for purposes of the Canal Zone Code. In both the definition of 'continental United States' and the provisions for establishing basic wage rates of employees of the Panama Canal Company, federal law stands squarely opposed to plaintiffs' claims. Accordingly, they must fall. This action will be dismissed.

